UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: DIISOCYANATES ANTITRUST
LITIGATION                                                                                           MDL No. 2862

**TRANSFER ORDER**

**Before the Panel**:[*]   Plaintiff in one action in the Western District of Pennsylvania moves under 28 U.S.C. § 1407 to centralize this litigation in that district or, alternatively, the Southern District of New York or the Northern District of Alabama. This litigation currently consists of three actions pending in three districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of nine additional related federal actions.[1]

All responding parties support, or do not oppose, centralization, but request different transferee districts. Nine defendants[2] support centralization in the Eastern District of Pennsylvania or, alternatively, the Western District of Pennsylvania, and one – the Lanxess Corporation – takes no position. Plaintiffs variously propose the Northern District of Alabama, the Eastern District of Michigan, the District of New Jersey, the Southern District of New York, the Eastern and Western Districts of Pennsylvania, and the District of Kansas, as their first or second choice.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share complex factual questions arising from allegations that defendants engaged in a conspiracy to fix, raise,

---

[*] Certain Panel members have interests that normally would disqualify them under 28 U.S.C. § 455 from participating in the decision of this matter. Accordingly, the Panel invoked the Rule of Necessity, and all present Panel members participated in the decision of this matter in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353 (J.P.M.L. 2003); *In re Wireless Tel. Radio Frequency Emissions Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1357-58 (J.P.M.L. 2001). Judge Charles A. Breyer took no part in the decision of this matter.

[1] The related actions are pending in the Northern District of Alabama, the Eastern District of Michigan, the District of New Jersey, the Eastern District of Pennsylvania, and the Southern District of New York. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Bayer Corporation; Covestro LLC; BASF Corporation; The Dow Chemical Company; Huntsman International LLC and Huntsman Corporation; Wanhua Chemical (America) Co., Ltd.; Mitsui Chemicals America, Inc.; and MCNS Polyurethanes USA Inc.

-2-

maintain, or stabilize the price of methylene diphenyl diisocyanate (MDI) and toluene diisocyanate (TDI)[3] sold in the United States, from early 2015 or 2016 through the present, including through agreements to limit supply of MDI and TDI through planned manufacturing shutdowns at plants worldwide and implementing coordinated price increases.  The record indicates that discovery is likely to be international in scope and will include a significant number of nonparties.  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Western District of Pennsylvania is an appropriate transferee forum.  One defendant has its U.S. headquarters in this district, and five other defendants have their headquarters in adjacent or nearby districts.  Relevant documents and witnesses therefore are likely to be located in or close to this area.  Nearly all responding defendants agree that the Western District of Pennsylvania is an appropriate venue, along with plaintiffs in one action on the motion and one potential tag-along action.  Judge Donetta W. Ambrose is an experienced transferee judge with the ability and willingness to manage this litigation efficiently.  We are confident she will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Western District of Pennsylvania are transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Donetta W. Ambrose for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_
Sarah S. Vance
Chair

Marjorie O. Rendell         Lewis A. Kaplan
Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry

---

[3] MDI and TDI allegedly are used to make a broad range of polyurethane consumer and industrial products including, for example, flexible polyurethane foams in mattresses and upholstered furniture; rigid polyurethane foams in insulation materials; thermoplastic polyurethanes used in clothing, electronic devices, and sports equipment; and polyurethane coatings, adhesives, sealants, and elastomers in paints and glues.

**IN RE: DIISOCYANATES ANTITRUST LITIGATION** MDL No. 2862

## SCHEDULE A

<u>Eastern District of Michigan</u>

ISAAC INDUSTRIES, INC. V. BASF CORPORATION, ET AL., C.A. No. 1:18-12089

<u>District of New Jersey</u>

C.U.E., INC. v. BASF AG, ET AL., C.A. No. 2:18-11439

<u>Western District of Pennsylvania</u>

UTAH FOAM PRODUCTS, INC v. BAYER A.G., ET AL., 2:18-00858